IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER L. SEIBER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil No. 17-cv-01377-NJR-RJD |
| CITY OF BELLEVILLE, ILLINOIS, MARK ECKERT, in his individual capacity and in his official capacity as Mayor of the City of Belleville, Illinois, and JOHN DOES 1-9, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jennifer L. Seiber ("Seiber") brings this action under 42 U.S.C. § 1983 and against the City of Belleville, Illinois; Mark Eckert; and John Does 1-9 (hereinafter Defendants) (Doc. 1). Seiber alleges Defendants deprived her of her Fifth and Fourteenth Amendment rights under the United States Constitution and violated Illinois law by conspiring to interfere with the operation of her towing business (*Id.*).

Now before the Court is Defendants' Combined Motion to Dismiss Seiber's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (Doc. 13).

### FACTUAL & PROCEDURAL BACKGROUND

Seiber and her husband own Recovery 1 Towing, a towing company that conducts business within the City of Belleville, Illinois (Doc. 1). Recovery 1 Towing operates 24 hours a day, seven days a week, and Seiber often receives service requests

on her cell phone when she is at home (*Id.*). To operate more efficiently, Seiber parks a tow truck at her residence, which is also located in Belleville, Illinois (*Id.*).

On March 22, 2016, Sergeant Bill Herling, a police officer for the City of Belleville, appeared at Seiber's residence to discuss a complaint he received from a city alderman regarding the tow truck parked at Seiber's home (*Id.*). Sergeant Herling suggested the Seibers follow-up with Belleville City Hall to determine whether parking the tow truck at their home was in violation of a Belleville zoning ordinance (*Id.*).

Seiber's husband went to Belleville's city hall and spoke with Karrie Tutza, an agent in the Zoning and Economic Development office (*Id.*). Ms. Tutza opined that the Seibers did not need to obtain a zoning variance to park a tow truck at their residence (*Id.*).

On June 6, 2016, Sergeant Herling returned to Seiber's residence in response to another complaint from the alderman about the tow truck (*Id.*). Seiber's husband told Sergeant Herling about the conversation he had with Ms. Tutza at City Hall (*Id.*). Sergeant Herling said he would email the alderman who filed the complaint to explain that Seiber and her husband could lawfully park the tow truck at their residence (*Id.*).

Three days later, Officer Henderson with the Belleville Police Department served Seiber's husband with a complaint against Seiber for violating a city ordinance that prohibits operating a business at a home without a license (*Id.*). Seiber's husband told Officer Henderson that Seiber was not in violation of the ordinance (*Id.*). Officer Henderson agreed but said he still had to serve the citation (*Id.*). Officer Henderson suggested the Seibers place Recovery 1 Towing on Belleville's towing rotation list,

which would prevent any further problems (*Id.*).

On December 4, 2016, the Seibers applied for the City of Belleville to place Recovery 1 Towing on its towing rotation list (*Id.*). The application required Seiber's husband to disclose his criminal record, which includes a theft conviction (*Id.*). As of December 21, 2017, the date Seiber filed this Complaint, the City of Belleville had not granted the application (*Id.*).

Seiber's Complaint alleges five counts: Defendants denied her the equal protection of the law by issuing her the zoning ordinance violation citation but not issuing other similarly situated individuals a citation (Count I); Defendants violated Seiber's due process and equal protection rights under the Fifth and Fourteenth Amendments by impeding her ability to conduct her towing business (Count II) and conspiring to keep her business off of Belleville's towing rotation list (Count III); Defendants violated 820 ILCS 75/15, the Illinois Job Opportunities for Qualified Applicants Act, by inquiring about the Seibers' criminal history on the towing rotation list application (Count IV); and Defendants conspired to deprive Seiber of her constitutional rights (Count V).

Seiber requests the following relief: a declaration that she did not violate any Belleville zoning ordinance by parking a tow truck at her residence; an injunction barring Defendants from interfering with the business of Recovery 1 Towing; an injunction ordering Defendants to place Recovery 1 Towing on Belleville's towing rotation list; a declaration identifying "whatever ordinance, regulation, resolution, or other law gave rise to the defendant's actions, and declare ordinance, regulation,

resolution, or other law to be unconstitutional[;]" damages for income lost as a result of not being on Belleville's towing rotation list; and costs and attorney fees associated with bringing the action (Doc. 1).

Defendants move the Court to dismiss Seiber's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim (Doc. 13).

## RULE 12(B) MOTION TO DISMISS

For purposes of a motion to dismiss under both Rules 12(b)(1) and 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (Rule 12(b)(1)); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012) (Rule 12(b)(6)).

To survive a Rule 12(b)(1) motion to dismiss, the plaintiff must establish the Court has jurisdiction over his or her claims. *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 853 (7th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.

## DISCUSSION

**I. Rule 12(b)(1) Motion to Dismiss**

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions that arise under the Constitution, laws, or treaties of the United States. District courts may also exercise discretionary supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 that share "a common nucleus of operative fact" with a plaintiff's federal claims. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999).

Seiber alleges the Court has jurisdiction over her constitutional claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Defendants, however, argue the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and/or should abstain from exercising its jurisdiction under the *Younger* doctrine.

The *Rooker-Feldman* doctrine is a jurisdictional limitation that prevents "lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Stated concisely, the *Rooker-Feldman* doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

On June 8, 2016, the City of Belleville, Illinois, brought a complaint against Seiber for operating a business from home without a license, in violation of Belleville City Ordinance § 162.394 (formerly 1960 Code, § 60-7-5) ("the zoning ordinance") (Doc. 14, Ex. 1). On March 10, 2017, the St. Clair County Circuit Court entered a judgment against Seiber, finding her guilty of violating the ordinance (Doc. 14, Ex. 2). Seiber filed this action on December 21, 2017 (Doc. 1).

Counts I, II, and V of Seiber's Complaint allege that Defendants engaged in a conspiracy to, and in fact did, deprive Seiber of her constitutional rights by maliciously and baselessly enforcing the zoning ordinance against her. Seiber maintains throughout her Complaint that the zoning ordinance citation was unsubstantiated, and she requests a declaration from the Court that she did not violate the ordinance. In addition, Seiber seeks an injunction to prevent Defendants from "interfering with" her towing business.

The threshold question in assessing the applicability of the *Rooker-Feldman* doctrine "is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 556 (7th Cir. 2004). Determining whether a federal action is "inextricably intertwined" with a state action is more difficult to discern. *Id.* "[T]he crucial point is whether the district court is in

essence being called upon to review the state-court decision." *Id.* (internal quotations and citations omitted).

Seiber's claims, as evidenced by her requested relief, clearly call on this Court to review the state-court judgment. "A finding by the district court that defendants did, as [the plaintiff] alleges, conspire to bring unsubstantiated lawsuits would undermine the state court's implicit holding that the state action was justified." *Id.* Seiber is not just denying "a legal conclusion a state court has reached in a case to which [s]he was a party . . ." *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993). Seiber attacks the validity of the state court's judgment, and she seeks relief that would effectively nullify the judgment. Moreover, her alleged injury is the enforcement of the zoning ordinance, which derives from, and was not complete until, the state-court's entry of the judgment. It is irrelevant that Seiber shrouds her claims in constitutional allegations. "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [her] complaint in the form of a federal civil rights action." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Thus, under the *Rooker-Feldman* doctrine, the Court **DISMISSES** Counts I, II, and V of Seiber's Complaint **for lack of jurisdiction.**

Seiber has two remaining claims. Count III alleges Defendants deprived Seiber of due process and equal protection by refusing to place Recovery 1 Towing on Belleville's towing rotation list, and Count IV alleges Defendants violated Illinois law by inquiring about the Seibers' criminal history on the towing rotation application. The Court has subject matter jurisdiction over Seiber's due process and equal protection claims

pursuant to 28 U.S.C. 1331, and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. 1367.

*Rooker-Feldman* is not applicable to Counts III and IV because the Court is unaware of any state-court judgment related to Seiber's towing rotation application. The only relevant state-court proceeding at issue here involves the enforcement of the zoning ordinance. The allegations in Counts III and IV are totally independent from that proceeding and, therefore, do not invoke *Rooker-Feldman* concerns. For those same reasons, the Court also refuses to abstain from exercising its jurisdiction under the *Younger* doctrine, which applies where a federal court's decision would indirectly interfere with an ongoing state proceeding, *Rogers v. Desiderio*, 58 F.3d 299, 201 (7th Cir. 1995), or the requested relief would be tantamount to an injunction against the proceeding, *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). The Court has jurisdiction over Counts III and IV and can exercise that jurisdiction without offending principles of comity.

I. **Rule 12(b)(6) Motion to Dismiss**

Defendants argue, in the alternative, that Counts III and IV fail to state a plausible claim for relief under Rule 12(b)(6).

Count III alleges that Defendants deprived Seiber of her constitutional rights to due process and equal protection by refusing to place Recovery 1 Towing on Belleville's towing rotation list. "The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of 'life, liberty, or property, without due process of law.'" *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting U.S. Const. amend. XIV,

§ 1). "The threshold question in any due process challenge is whether a protected property or liberty interest actually exists." *Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013). The Supreme Court has explained, "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests are "defined by existing rules or understandings that stem from an independent source such as state law . . ." *Id.* Consistent with these principles, the Court turns to Illinois law to determine whether Seiber has a property interest in obtaining placement on Belleville's towing rotation list. *See S&S Research, Inc. v.* Paulszcyk, 44 F. App'x 744, 746 (7th Cir. 2002) (acknowledging that an individual may have a property interest in remaining on a city's towing rotation list if a state law recognizes that interest).

Pursuant to the Illinois Vehicle Code, 625 ILCS 5/4-203.5, a local law enforcement agency in Illinois has the discretion to select which towing services to place on its rotation list. The statute clearly does not entitle all towing businesses to inclusion on a city's list. *See id.* In fact, "[t]he law enforcement agency may choose to have only one towing service on its tow rotation list." *Id.* Seiber does not point to, and the Court cannot find, any Illinois law that bestows a right to inclusion on a city's towing rotation list. Thus, Seiber has failed to allege a protected interest sufficient to sustain a due process claim under the Fifth and Fourteenth Amendments, and she cannot do so based on Defendants' failure to place her on Belleville's towing rotation list. The due process claim in Count III of Seiber's Complaint is **DISMISSED with prejudice.**

Seiber also fails to state a claim for equal protection in Count III. The Equal Protection Clause of the Fourteenth Amendment most commonly safeguards against government discrimination based on race, national origin, sex, and other class-based distinctions. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). "The Equal Protection Clause has also come to be understood to protect individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Id.* This is otherwise known as a "class-of-one" equal protection challenge. *Id.*

Seiber does not identify any class-based distinction that would give rise to a traditional equal protection claim. Instead, she seems to advance a class-of-one theory, under which she must show she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). Plaintiffs asserting class-of-one equal protection claims must generally identify other similarly situated individuals in order to survive a 12(b)(6) motion to dismiss. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010).

Seiber does not point the Court to any towing company on Belleville's towing rotation list, let alone a "very similar" company that Defendants treated differently. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). "In unusual circumstances, where plaintiffs put forth what amounts to direct evidence of arbitrary treatment, [the Seventh Circuit has] allowed them to mount a class-of-one claim without pointing to comparators." *Fares Pawn, LLC v. Indiana Dept. of Financial Institutions*,

755 F.3d 839, 845 n.3 (7th Cir. 2014). For example, in *Geinosky*, the plaintiff received 24 bogus parking tickets over the course of 14 months. 675 F.3d at 745-48. The Seventh Circuit noted, "The complaint clearly tells a story in which Geinosky was targeted. Reason and common sense provide no answer to why he was targeted that could be considered a legitimate exercise of police discretion." *Id.* at 748. Seiber has not alleged facts that would warrant application of this narrow exception. Her allegations are conclusory and "alternative, legitimate explanations" for not being placed on Belleville's towing rotation list exist. *Fares Pawn*, 755 F.3d at 845 n.3. The equal protection claim in Count III of Seiber's Complaint is **DISMISSED without prejudice**.

Count IV, Seiber's sole remaining claim, alleges Defendants violated 820 ILCS 75/15, the Illinois Job Opportunities for Qualified Applicants Act ("the Act"), by inquiring about the Seibers' criminal history on the towing rotation application. According to 820 ILCS 75/20, the Illinois Department of Labor is responsible for investigating and imposing penalties for any alleged violations of the Act. There is no private cause of action for Seiber to pursue under the Act, and the Court finds it inappropriate to find one by implication. *See Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1117-18 (Ill. 1999) (employing a four-factor test to determine whether an implied private right of action is appropriate under Illinois statutes). Count IV is **DISMISSED with prejudice**.

## Conclusion

For the reasons set forth above, Defendants' Combined Motion to Dismiss Seiber's Complaint (Doc. 13) is **GRANTED.** Counts I, II, and V of Seiber's Complaint

are **DISMISSED for lack of jurisdiction**. The due process claim asserted in Count III is **DISMISSED with prejudice**. The equal protection claim in Count III is **DISMISSED without prejudice**. Count IV of Seiber's Complaint is **DISMISSED with prejudice**. Seiber's Motion to Strike Defendants' Reply Memorandum (Doc. 16) is **DENIED as moot**.

This entire action is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 30, 2018

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**